UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN FRANCISCO ALVAREZ-SORTO,<br><br>Defendant. | 5:22-CR-50084-JLV-01<br><br>ORDER GRANTING MOTION TO SEVER (DOC. 135) |

Juan Alvarez-Sorto filed a Motion to Sever Count IV from the other Counts. (Doc. 135). Juan also filed a brief in support of his motion. (Doc. 136). The United States opposes the motion. (Doc. 142).

The Superseding Indictment in the above captioned case charges Juan with Kidnapping in violation of 18 U.S.C. §§ 1201(a)(5) and 2; Carjacking in violation of 18 U.S.C. §§ 2119(1) and 2; Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(l)(A)(ii) and 2; and Illegal Reentry After Deportation Citation in violation of 8 U.8.C. § 1326(a). (Doc. 74). The pending motion was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B).

**FACTUAL BACKGROUND**

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true.

1

United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984); see also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder").

The indictment states on or about May 6, 2022, in the District of South Dakota, the Defendants, including Juan, kidnapped (Count I) and car jacked (Count II) Federal Bureau of Investigation Victim Specialist Curt Lauinger and knowingly used, carried, and brandished a firearm during that event (Count III). (Doc. 74). Juan, alone, is charged with returning to the United States after having been previously deported (Count IV). Id.

## DISCUSSION

### I. Motions to Sever

Juan "asks that the allegations of Count IV be severed from the allegations of Counts I-III in the Superseding Indictment pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure." (Doc. 135, p. 1). The United States opposes the motion, stating "Defendant Alvarez's charging document properly joined Count 4 because of the overlapping facts associated with his unlawful presence and that of his conduct to elude authorities regarding all of his conduct and the associated counts." (Doc. 142, p. 10).

#### A. The Counts are not Properly Joined under Rule 8(a)

When considering a motion for severance, the district court must first determine whether joinder was proper under Rule 8(a) of the Federal Rules of Criminal Procedure. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). Federal Rule of Criminal Procedure 8(a) provides an indictment may charge a defendant in separate counts with two or more offenses if the offenses

2

charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The Eighth Circuit has held Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (internal citations omitted). The rules regarding joinder and severance are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132 (1968) (internal quotation omitted). "Joinder of offenses is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

The issues raised by this Motion are similar to those raised before the District Court of Nebraska, which granted a defendant's motion to sever narcotics allegations from his illegal reentry allegations:

> While it may have been impossible for Rodriquez–Morales to have committed the narcotics offense without actually being present in the United States, these facts do not meet the Government's burden to establish at least one of the requirements of Rule 8(a). The Government's position, if adopted, would almost universally allow the joinder of the charge of being an illegal alien who has illegally re-entered the United States after conviction on an aggravated felony, with any other criminal charge allegedly committed by a defendant while in the jurisdiction of the United States of America.

3

> Clearly, Rule 8(a) favors joinder. However, it favors joinder only when the requirements of the rule have been satisfied. Based upon the facts of this case, the Government has failed to establish the existence of any of the requirements set out in the rule.

United States v. Rodriguez-Morales, No. 8:07CR142, 2007 WL 2306689, at *1 (D. Neb. Aug. 8, 2007).

Here, the kidnapping, carjacking, and firearms charges are not of the same or similar character to the allegations regarding Defendant's presence in the United States. Nor is the deportation related charge based on the same act or transaction or apart of the same scheme or plan as the other charges. Therefore, Count IV is not properly joined in the same indictment as the first three charges.[1]

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Sever (Doc. 135) is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the

---

[1] Because Count IV is improperly joined, the court need not consider Federal Rule of Criminal Procedure 14(a).

4

right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 27, 2023.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge