UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>JUAN FRANCISCO ALVAREZ-SORTO,<br><br>Defendant. | 5:22-CR-50084-JLV-01<br><br>ORDER GRANTING MOTION FOR JOINDER (DOC. 197) |

The United States filed a Motion to Join Count 4 of the Superseding Indictment as Count 6 of the Second Superseding Indictment. (Doc. 197). Juan did not file a response.

The Superseding Indictment in the above captioned case charges Juan with Count 1: Kidnapping in violation of 18 U.S.C. §§ 1201(a)(5) and 2; Count 2: Carjacking in violation of 18 U.S.C. §§ 2119(1) and 2; Count 3: Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and **Count 4: Illegal Reentry After Deportation in violation of 8 U.8.C. § 1326(a)**. (Doc. 74).

The Second Superseding Indictment in the above captioned case charges Juan with Count 1: Kidnapping in violation of 18 U.S.C. §§ 1201(a)(5) and 2; Count 2: Carjacking in violation of 18 U.S.C. §§ 2119(1) and 2; Count 3: Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence in

1

violation of 18 U.S.C. §§ 924(c)(l)(A)(ii) and 2; and **Count 4: Unlawful Possession of a Firearm by a Prohibited Person in violation of 18 U.8.C. §§ 922(g)(3), 922(g)(5), and 924(a)(2)**. (Doc. 195). Count 5 is not applicable to Juan.

The pending motion was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B).

## FACTUAL BACKGROUND

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984); see also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder").

The second superseding indictment states on or about May 6, 2022, in the District of South Dakota, the Defendants, including Juan, kidnapped (Count 1) and car jacked (Count 2) Federal Bureau of Investigation Victim Specialist Curt Lauinger and knowingly used, carried, and brandished a firearm during that event (Count 3). (Doc. 195). Juan, alone, is charged with being an unlawful user of a controlled substance, and knowing he was an unlawful user of a controlled substance, and while being and knowing he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, to wit: a GWACS Amory LLC, model CAV-15 MKII, 5.56x45mm NATO

caliber, semi-automatic rifle and ammunition, between May 5 and 13, 2022 (Count 4). Id.

## DISCUSSION

Federal Rule of Criminal Procedure 8(a) provides an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The Eighth Circuit has held Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (internal citations omitted). The rules regarding joinder are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132 (1968) (internal quotation omitted). "Joinder of offenses is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979). The United States "moves the Court for an order joining Count 4 of the Superseding Indictment (Doc. 74) as Count 6 of the Second Superseding Indictment (Doc. 195)." (Doc. 197, p. 1). The United States asserts that the "facts against Juan, as applied to all charges, arise from the same series of acts and transactions in which he and his co-defendants fully participated:

3

Defendant Alvarez and his co-defendants' conduct during their efforts to flee from law enforcement, to traffic controlled substances, to possess firearms, and to evade capture are intertwined with one another." Id. at p. 8.

The counts against Juan are connected with or constitute parts of a common scheme or plan. The court agrees with the United States that from approximately May 5 through May 13, 2022, Juan's actions were two-fold, yet overlapping. Juan fled from law enforcement to avoid arrest for being unlawfully present in the United States, which then culminated in his participation in an armed carjacking and kidnapping.

Because joinder is proper under Rule 8(a), the court next considers whether severance is required under Federal Rule of Criminal Procedure 14(a). Severance under Rule 14(a) provides if the joinder of offenses in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"Prejudice to the defendant must be both 'real' and 'clear'." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted). There is a strong presumption against severing properly joined counts and the defendant carries a heavy burden in establishing prejudice. Id.; United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). This is because the rules regarding joinder and severance "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the

4

defendants to a fair trial.'" Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Bruton, 391 U.S. at 131 n.6). The Eighth Circuit has explained that these rules should be construed liberally in favor of joinder, see United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), and has held that "[o]nly in an unusual case ... will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Huggans, 650 F.3d 1210, 1221 (8th Cir. 2011) (quoting United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008)).

This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary; however, the risk of prejudice posed by joint trials is best cured by "less drastic measures, such as limiting instructions." Zafiro, 506 U.S. at 537.

Rule 14 severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Zafiro, 945 F.2d 881, 885 (7th Cir. 1991). Substantial prejudice from a joint trial may be shown where, for example, "the jury might use evidence of one crime to infer guilt on the other [crime] or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilty if the crimes were considered separately." Huggans, 650 F.3d at

5

1221 (quoting United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)); see also United States v. Garrett, 648 F.3d 618, 625-26 (8th Cir. 2011) (internal citation omitted) ("Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial[.]").

On the other hand, "[w]here evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Reynolds, 720 F.3d 665, 669 (8th Cir. 2013); see United States v. Mink, 9 F.4th 590, 604 (8th Cir. 2021) (quoting United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010) ("No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other."); United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011).

Here, because joinder is proper under Rule 8, if Juan wants to sever his counts, he has the burden to demonstrate how a joint trial would prejudice his right to a fair trial. Darden, 70 F.3d at 1526. Juan did not respond to the United States' motion for joinder. Juan failed to demonstrate that substantial prejudice would result from a joint trial of all his Counts. As discussed, all the counts against Juan are connected with or constitute parts of a common scheme or plan.

It also appears that there is sufficient overlap of issues such that evidence of one crime would be probative and admissible at the defendant's

6

separate trial for the other crime. Reynolds, 720 F.3d at 669. Because the evidence of one charge would be admissible in a separate trial on the other, no prejudice results. See Mink, 9 F.4th at 604 (quoting McCarther, 596 F.3d at 442). Therefore, Juan is unable to establish prejudice warranting severance. Thus, the court finds joinder to be appropriate and there appears to be no risk of severe prejudice that cannot be addressed with a standard jury instruction.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the United States' Motion (Doc. 197) is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED January 4, 2024.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge